```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF WASHINGTON

DONALD L. JONES,                  )
                                  )
                Plaintiff,        )   NO. CV-05-3110-LRS
                                  )
     v.                           )
                                  )   ORDER GRANTING DEFENDANTS'
                                  )   MOTION TO DISMISS
STATE OF WASHINGTON, et al.,      )
                                  )
                Defendants.       )
_____)
```

**BEFORE THE COURT** is Defendants' Motion To Dismiss (Ct. Rec. 34) filed May 18, 2006 with hearing set without oral argument requested on June 19, 2006.

Defendants request that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Fed.R.Civ.P. 12(b) and 12(c). First, Defendants argue that pro se Plaintiff Jones fails to state a claim as a matter of law. Second, Jones has failed to properly serve Liz Luce and Ron McKenna. Third, Jones' claims in federal court are prohibited by the Eleventh Amendment.

### DISCUSSION

Plaintiff filed his Complaint on December 20, 2005 and his Amended Complaint on January 4, 2006. Plaintiff was in a public establishment on or about December 8, 2005 and received a citation pursuant to RCW 70.160.030 for smoking in a public place. See citation attached to Complaint. Plaintiff Jones seeks relief as a

ORDER - 1

result of receiving a citation for smoking in violation of RCW 70.160.030. Jones asserts the Clean Indoor Air Act codified at RCW 70.161 violates his constitutional right to control his own health and discriminates against smokers. Jones further asserts he has a contractual right to patronize certain establishments which previously allowed smoking. Jones also complains that his constitutional right to a jury [for his civil infraction] was violated.

The Court finds that Plaintiff has not properly served named Defendants Luce and McKenna. Plaintiff was afforded the opportunity to effect proper service by April 24, 2006 and has failed to serve either Ms. Luce or Mr. McKenna. Ct. Rec. 33, at 3. Further, the State [Department of Licensing] cannot be sued in federal court based upon the Eleventh Amendment.

Even if Jones were to pass the jurisdictional deficiencies in his case, a liberal construction of his Complaint reveals that he has not set forth specific facts upon which he relies in claiming the liability of each Defendant. With regards to the statute prohibiting smoking in public places and the State's actions complained of, Jones must show that there is no set of circumstances in which the statute can be constitutionally applied. Jones has failed to identify any constitutional challenge which would overcome the Legislature's power to restrict individual rights for the health and benefit of Washington citizens. The State has broad authority and discretion to prescribe laws to promote health and general welfare of its citizens and to act within its police powers to protect the health of its citizens.

///

ORDER - 2

Finally, Jones does not have a right to a jury trial for the civil infraction identified in his Complaint. This statute, RCW 70.160.070, provides that violations of the Clean Indoor Air Act are subject to the same enforcement as traffic citations. This Court is not the proper forum for contesting Plaintiff's citation. Accordingly,

**IT IS ORDERED** that:

1. Defendants' Motion To Dismiss, **Ct. Rec. 34**, filed May 18, 2006 is **GRANTED**.

2. Defendants' Motion to Continue Response to Plaintiff's Summary Judgment, **Ct. Rec. 30**, is **DENIED as MOOT**. Plaintiff's summary judgment was denied without prejudice in Ct. Rec. 26.

The District Executive is directed to file this Order and provide copies to counsel and *pro se* Plaintiff, and the file be **CLOSED** in this matter.

**DATED** this 20th day of June, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge